

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Feliz v. Kintock Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Feliz v. Kintock Grp" (2008). *2008 Decisions*. Paper 306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2805
_____

EDDY FELIZ,

Appellant

v.

THE KINTOCK GROUP; JOESPH CORBETT; NICOLA CUCINOTTA;
CARMEN MONTANEZ; DERRICK COATES; DIANE WILEY;
DARRYL OLIVE; KATHY FRANK; MIKE SHNIEDMANN;
STEVEN BELLO; SANDRA SMITH; MARY LEFTRIDGE BYRD;
PEACE, MR.; KENNETH PAUL, MR.; BOB CANADY, MR.;
GLEN YANIS, MR.; L. CASION, MR.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-03541)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
September 2, 2008

Before: McKEE, SMITH and CHAGARES, Circuit Judges

(Filed: October 30, 2008)
_____

OPINION
_____

PER CURIAM,

Eddy Feliz, proceeding pro se, appeals the District Court's order of dismissal as

well as its subsequent order denying his motion seeking reconsideration of that decision. For the reasons that follow, we will affirm in part and vacate in part the District Court's decision.

In May 2002, Feliz initiated a civil action against employees of the Kintock Group, a private contractor running a pre-release center. Named as defendants were Derrick Coates, Joseph Corbett, Nicola Cucinotta, Kathy Frank, Carmen Montanez, Darryl Olive, Mike Shniedmann, and Diane Wiley. With the exception of Mike Schniedmann and Kathy Frank, the summons were returned as executed in May 2004. An amended complaint adding additional defendants (namely, Ernest Bello, Sandra Smith, Mary Leftridge Byrd, Peace, Kenneth Paul, Bob Canady, Glenn Yanis and L. Caison)[1] and claims was filed on June 2, 2004. On June 5, 2006, after several unsuccessful attempts at injunctive relief, Feliz submitted a notice of intent to file a default against the six individual defendants upon whom service of the original complaint had been executed. Default was entered on June 9, 2006. Service of the amended complaint was executed in January 2007 on the named parties, with the exception of the following defendants whose summons were returned as unexecuted: Shniedmann, Smith, Leftridge Byrd, Peace, Canady, Corbett and Montanez.[2]

---

[1] Caison's name was mis-spelled as Casion by appellant. We will use the correct spelling.

[2] According to the United States Marshal's Office, service of the amended complaint was delayed because Feliz failed to submit a process receipt and return form (USM 285) to request service of the additional defendants until over two years later.

It appears that in late 1999, Feliz, who was in the custody of the Pennsylvania Department of Corrections ("DOC"), was placed on pre-release status at a contract community corrections facility run by the Kintock Group. In January 2001, Feliz complained about, inter alia, the lack of psychological services and medications at the Kintock Center and sought to be transferred to another pre-release facility. That request was apparently denied.[3] On June 1, 2001, after a pre-parole meeting with defendant Parole Agent Paul, Feliz was allegedly forcibly detained, handcuffed by DOC defendants Cannady, Yanis and Caison, removed from the Kintock Center and taken to SCI-Graterford. According to Feliz, the asserted bases of the DOC's decision to remove him from the pre-release facility were misconduct and state violation reports charging him with driving without a valid driver's license and an unauthorized absence from the Kintock Center. Feliz alleged that the real reason, however, was retaliation for his having contacted an attorney to assist him, inter alia, in obtaining certain entitlements he believed to be due him from the Kintock Group. Feliz's actions during the removal incident itself led to a subsequent conviction of aggravated assault, with an imposed sentence of one to two years imprisonment to run consecutively to his then-current sentence.[4]

---

[3] Feliz also complained of a host of other problems he experienced while at the Kintock Center, including the denial of hearings for revoked privileges, revoked law library passes, the denial of appeal documents, the refusal of kitchen staff to provide pre-paid meals at a time later than that designated, difficulty receiving credit for travel time, and trouble receiving a paycheck over the Memorial Day weekend.

[4] Feliz has advised the Court that he has been released from confinement.

3

Feliz's dissatisfaction with the treatment he received at the Kintock Center, his disagreement with the administrative decision not to transfer him to another facility, and his obvious displeasure with the conviction that resulted from the removal incident prompted the filing of his complaint and amended complaint. Although it is far from clear, it appears that Feliz argues that defendants' actions, especially those on June 1st, give rise to claims under: 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and state law. He requested, inter alia, compensatory and punitive damages. Various requests for injunctive relief followed.

Shortly after service of the amended complaint was executed, defendants Bello, Yanis, Caison and Paul (the Commonwealth defendants)[5] filed a motion seeking to have the amended complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 4(m). In addition to arguing that Feliz's amended complaint failed to state a claim for relief, defendants argued that because Feliz's dereliction resulted in the extreme delay of having his amended complaint served by the U.S. Marshal's Service, the case should be dismissed without prejudice pursuant to Rule 4(m). The Commonwealth defendants further argued that the two year limitations period had run as to the claims against them given that the amended complaint was not dated and signed until nearly three years after

---

[5] Defendant Paul is an agent from the Pennsylvania Board of Probation and Parole, and defendants Yanis, Bello and Caison are from the Pennsylvania Department of Corrections.

4

the forcible transfer of June 1, 2001, and given that the relation back doctrine of Fed. R. Civ. P. 15(c) was not reasonably applicable since they were not notified of the lawsuit until December of 2006 at the earliest.

In an order entered on March 15, 2007, the District Court granted the Commonwealth defendants' motion to dismiss the complaint. The court held that Feliz's amended complaint did not provide sufficient notice as to the nature of his claims against the defendants. Additionally, even affording Feliz the liberal construction due a pro se litigant under Haines v. Kerner, 404 U.S. 519, 520 (1979), the District Court concluded that the allegations contained in Feliz's amended complaint did not raise the slightest inference of a federal claim against the Kintock Group. The court further concluded that Feliz could not sustain a claim against movants pursuant to the ADA or Section 504 of the Rehabilitation Act since neither of these Acts impose liability upon individuals. See 29 U.S.C. § 794(b); 42 U.S.C. § 12131(1). Feliz's civil conspiracy claim was little more than conclusory allegations of concerted action devoid of facts reflecting joint action and was insufficient to withstand a motion to dismiss. See Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). Finally, the District Court concluded that, despite Feliz's filing of an amended complaint, it remained "wholly unclear" how the Commonwealth defendants' conduct violated his Eighth Amendment and due process rights. Feliz's motion for reconsideration was likewise denied by the District Court, and this appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291.[6] The standard of review for a dismissal under Fed. R. Civ. P. 12(b)(6) is de novo, see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008), and we review a District Court's decision denying reconsideration for an abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004), citing Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In considering a Rule 12(b)(6) motion, a court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). See also Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1969 n. 8 (2007). "'[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234, (quoting Twombly, 127 S.Ct. at 1965). Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id.

Having carefully reviewed the record and the parties' submissions, we conclude that judgment was properly entered in favor of the Commonwealth defendants.

---

[6] Having reviewed the record, we are satisfied that the order of dismissal was intended by the District Court and understood by the parties to have disposed of all claims against all remaining parties, and qualifies as a final order within the meaning of 28 U.S.C. § 1291.

Moreover, while we do not conclude that the argument set forth in the appellees' brief regarding the timeliness of the filing and service of Feliz's amended complaint is without merit, we can not find fault with the manner in which the District Court ultimately disposed of Feliz's amended complaint with respect to the Commonwealth defendants.

The District Court properly granted the Commonwealth defendants' motion to dismiss with respect to any claims involving mistreatment Feliz allegedly suffered while housed at the Kintock Center. E.g., Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) (no respondeat superior liability in § 1983 cases). Additionally, we agree with the Commonwealth defendants' assertion that it is unclear whether Feliz even intended to assert claims against them under the ADA and the Rehabilitation Act, but that, in any event, he had not alleged a qualifying impairment that substantially limits at least one major life activity. See Marinelli v. City of Erie, Pa., 216 F.3d 354, 359 (3d Cir. 2000) ("In order to state a cognizable cause of action under the ADA, a putative plaintiff must establish that he is a "qualified individual with a disability."); 29 C.F.R. § 1630.2(i) (giving examples of major life activities as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working"); 28 C.F.R. § 41.31(b) (same). Feliz's civil conspiracy claim is also deficient because absent from his complaint are allegations of at least some facts which could permit a reasonable inference of a conspiracy to be drawn. See, e.g., Abbott v. Latshaw, 164 F.3d at 148 (mere "conclusory allegations of concerted action" are insufficient to satisfy the notice-pleading

standard).

Because Feliz had no liberty interest in remaining in the Kintock Center, he had no due process entitlement to notice and a hearing at that facility before being returned to SCI-Graterford.  See Asquith v. Department of Corrections, 186 F.3d 407 (3d Cir. 1999).  Any due process claim involving the Commonwealth defendants' processing of the two misconduct reports which allegedly landed him in disciplinary confinement likewise fails.  See Sandin v. Conner, 515 U.S. 472 (1995).  Additionally, we note that one of those reports was dismissed and the other actually challenged by Feliz through the administrative process.  See, e.g., Smith v. Mesinger, 293 F.3d 641, 654 (3d Cir. 2002).  Feliz's Eighth Amendment claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 481-82 (1994), since any success on his excessive force claim would necessarily call into question his conviction for aggravated assault for the same incident.  To the extent Feliz raised other federal claims against the Commonwealth defendants, we agree with the District Court that they do not to state a claim because he failed to allege the minimal facts required under Rule 8.  Fed. R. Civ. P. 8(a)(2) (pleading must set forth a  "short and plain statement of the claim showing that the pleader is entitled to relief").  Finally, the Commonwealth defendants were entitled to sovereign immunity from all remaining state law claims insofar as Feliz was seeking monetary damages.  The doctrine of sovereign immunity, codified at 1 Pa.C.S. § 2310, protects the Commonwealth and its employees from such a suit for monetary damages unless the

cause of action falls within one of several statutory exceptions not implicated here, see 42 Pa.C.S.A. § 8522, or the individual's conduct falls outside the scope of the employee's employment. While Feliz may take issue with the manner in which they performed their duties, there can be no question that the Commonwealth defendants were acting within the scope of their employment in the instant case. Feliz's claims for injunctive relief were, of course, mooted by his release from imprisonment as noted by appellees.

Our review does not stop here, however, since the District Court decided to sua sponte include the Kintock Group employees in its dismissal order. As noted previously, none of the Kintock Group defendants served with Feliz's complaint responded in any manner and a default was entered against them. To be certain, many of the allegations against the employees of the Kintock Group are as fatally deficient as those against the Commonwealth defendants. However, at least one of Feliz's allegations arguably states a claim upon which relief can be granted. See Rauser v. Horn, 241 F.3d 330, 332 (3d Cir. 2001). While Feliz's complaint and amended supplemental complaint are anything but clear and concise pleadings, affording those pleadings the liberal construction due pro se filings under Haines v. Kerner, 404 U.S. at 520, Feliz has arguably set forth a minimal allegation that his First Amendment rights were violated when certain Kintock Group defendants retaliated against him by having him removed from the pre-release center on June 1, 2001 and returned to prison in retaliation for his having contacted an attorney and public officials the previous week. See Complaint at p. 8 ¶ 5; Amended and

9

Supplemental Complaint at ¶s A, 2, and 3(I).

"[U]nder the doctrine of unconstitutional conditions, we have held that official retaliation for the exercise of any constitutional right creates an actionable claim under Section 1983." Anderson v. Davila, 125 F.3d 148, 162 (3d Cir. 1997). See also White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."). As noted by our sister circuit, "[a]lthough the First Amendment's applicability in the area of lawyer-client relations is not well-defined," Mothershed v. Justices of Supreme Court, 410 F.3d 602, 611 (9th Cir. 2005), several courts have recognized that the "right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." Id., quoting Denius v. Dunlap, 209 F.3d 944, 953 (7th Cir. 2000). See also DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir. 1990) ("The right to retain and consult an attorney ... implicates ... clearly established First Amendment rights of association and free speech.").

Although we do not take issue with the District Court's authority to sua sponte set aside an entry of default against the Kintock Group employees for good cause, see, e.g., Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 386 (7th Cir. 2008), and it can clearly dismiss an action against defendants sua sponte for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1997e(c)(1), we believe that it erred in doing the latter in this case with respect to the Kintock Group defendants.

10

As such, we will vacate that part of the District Court's final order.

Accordingly, for the foregoing reasons, we will affirm the judgment of the District Court insofar as it granted the Commonwealth defendants' motion to dismiss. However, we will vacate the District Court's order of dismissal with respect to the employees of the Kintock Group against whom service of process had been effected and a default entered, and remand for further proceedings. Appellant's motion to intervene/correct or modify the record is denied.