IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Horan,                              :
                    Appellant              :
                                           :    No.  839 C.D. 2019
        v.                                 :
                                           :    Submitted:  June 25, 2021
Chad Newingham, Wally Dittsworth,          :
Raymond Moore, Mary Lou Wyandt,            :
Robert Mackey, Mary Canino, and            :
Jose Quinones                              :


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                  FILED: December 28, 2022


Patrick Horan (Horan), proceeding *pro se*, appeals from a decision and order of the Court of Common Pleas of Centre County (trial court) dated June 11, 2019, that, upon remand, denied his motion for summary judgment and granted the motion for summary judgment filed by Pennsylvania Department of Corrections (DOC) hearing examiners, Robert Mackey (Mackey) and Mary Canino (Canino) (collectively, Appellees) solely on the ground that Horan's action was barred by sovereign immunity. Because we find sovereign immunity is applicable, we affirm.

### Factual and Procedural History

Horan is an inmate currently incarcerated at the State Correctional Institution (SCI) Retreat.  When Horan was an inmate at SCI-Benner, two misconducts were filed against him.  The first misconduct was issued by DOC Food Service Instructor Chad Newingham (Newingham) in connection with an incident in the cafeteria on September 8, 2013, where Horan was alleged to have threatened another inmate.  Specifically, it was alleged that Horan stated in response to Newingham's

direction to Horan that it was his turn to stay late and clean up, that "If I stay, I'm going to knock that f\*cking goofball's [Inmate Jose Quinones] head off." (Certified Record (C.R.) at Item No. 35.) Newingham issued Horan a Class 1 misconduct for threatening another person. A hearing on the misconduct was held before Appellee Mackey, a DOC hearing examiner. The issue before Appellee Mackey was whether Horan threatened another person. Before the hearing, Horan requested to present three witnesses and explained why these individuals' testimony was relevant and important, as follows:

> Anthony H. (Inmate) – he has heard inmate [Inmate Jose Quinones] make threats toward me and knows that I have reported it to [Newingham].
>
> Clifford F. (Inmate) – On the day in question he heard [Inmate Jose Quinones] threaten me and knows that I reported this and other incidents to [Newingham].
>
> Deputy Moore – On 7/14/13 and 7/27/13 I wrote requests to Deputy Moore seeking assistance in this problem.

*Id*.

Appellee Mackey denied the request as to all three witnesses, stating, "Not relevant to determination of guilt or innocence." *Id*. Appellee Mackey considered Horan's statement and indicated that he found Newingham's written report to be more credible than Horan's denial and concluded that Horan did threaten another person. Appellee Mackey found Horan guilty at a misconduct hearing and sanctioned him with thirty days in the Restrictive Housing Unit, loss of work assignment, and loss of his Incentive-Based Transfer.

The second misconduct was issued in connection with an incident on October 8, 2013, which occurred in the prison library where it was alleged that Horan

2

used profanities toward the prison law librarian. Horan was issued a Class 1 misconduct for using abusive, obscene, or inappropriate language to a DOC employee. *Id.* The librarian reported that Horan entered the law library and demanded to know why he was not on the law call list. *Id.* He stated to her that if he did not get on the call list, he would sue her in federal court. *Id.* He also stated to her: "[D]o not play games with me. You are trying to protect DOC. F*ck You." *Id.* A hearing on this misconduct was held on October 15, 2013, before DOC hearing examiner Appellee Canino. Before the hearing, Horan sought permission to present as witnesses three inmates who were present on October 8, 2013, and overheard the conversation between Horan and the librarian, but did not hear Horan use profanity. *Id.* In his request for witnesses, Horan summarized the importance and relevance of the witnesses as follows:

> C. Wirth (Inmate) – He heard the whole conversation between me and [the librarian] and can affirm that I didn't swear and that my Inmate version is the truth.
>
> P. Sowa (Inmate) – He heard the conversation between me and [the librarian] and can confirm my Inmate version.
>
> J. Rivera (Inmate) – He can also confirm that I did not swear and that [the librarian] is a liar.

*Id.*

Appellee Canino considered the proffer but did not permit the witnesses to appear to testify live at a hearing because she found this evidence was "not necessary to establish [Horan's] guilt or innocence." *Id.* Appellee Canino discredited Horan's

version of events, credited the librarian's version of events, found Horan guilty and imposed a sanction of thirty days of cell restriction.[1]

On August 24, 2015, Horan filed a complaint in the trial court against Appellees Mackey and Canino and various other employees and/or officials of DOC, alleging violation of due process, making false misconduct reports, retaliation and violation of 37 Pa. Code §93.10(b)(3).[2] As against Appellees, Horan alleged, *inter alia*, that their refusal to permit him to call his witnesses and present evidence at the September 12, 2013 and October 15, 2013 misconduct hearings directly violated his procedural rights vested in 37 Pa. Code §93.10(b)(3).[3] This provision provides, in pertinent part, that when DOC seeks to impose discipline on a prisoner, there will be an "*[o]pportunity for the inmate to tell his story and to present relevant evidence*." *Id*. (emphasis added). In his claim for relief, Horan sought damages from Appellees Mackey and Canino in the amount of $100,000 in compensatory damages and $1 in nominal damages.[4]

Appellees filed preliminary objections to the complaint in the nature of a demurrer. By opinion and order dated November 20, 2015, the trial court granted the preliminary objections as to all of Horan's claims. Pertinent to this appeal, the trial court rejected Horan's claim that he was denied the opportunity to present relevant

---

[1] At the hearing, Horan informed Appellee Canino that he had previously filed 14 grievances against the librarian and had previously reported the librarian to the Judicial Conduct Board.

[2] The due process and retaliation claims against the other DOC defendants have been resolved and are not involved in this appeal.

[3] DOC's regulations outline the rules and sanctions for inmate misconduct and provide that an inmate accused of misconduct has the right to: (1) written notice of charges; (2) a hearing before an impartial hearing examiner; and (3) an opportunity for the inmate to tell his story and present relevant evidence; (4) assistance at the hearing; (5) written statement of the decision and reasoning of the hearing body; and (6) opportunity to appeal. 37 Pa. Code §93.10(b)(1)-(6).

[4] Horan also sought $500,000 in punitive damages. However, claims for punitive damages against the Commonwealth and its agencies and employees are barred. 42 Pa.C.S. §8528(c); *Feingold v. Southeastern Pennsylvania Transportation Authority*, 517 A.2d 1270, 1276-77 & n.8 (Pa. 1986).

evidence in violation of 37 Pa. Code §93.10(b)(3). The trial court explained that hearing examiners such as Appellees have the discretion to deny a prisoner's request to present evidence and witnesses and that Horan's complaint did not establish that Appellees abused their discretion.

Horan appealed and in an opinion dated October 24, 2016, this Court affirmed the trial court's dismissal of Horan's due process and retaliation claims but remanded to the trial court the claim of denial of his procedural rights under 37 Pa. Code §93.10(b)(3), relating to the presentation of evidence and witnesses. *See Horan v. Newingham*, (Pa. Cmwlth., No. 2622 C.D. 2015, filed October 24, 2016) (*Horan I*) ("we reverse the trial court's order to the limited extent that it dismissed Horan's claim based upon this regulation"). We reversed because, at the time the matter was before us, the argument was raised as a demurrer and it was not free and clear from doubt that Horan had failed to allege a violation of his procedural rights under 37 Pa. Code §93.10(b)(3). *Id.* slip op. at 14. We specifically noted that the DOC Appellees may however, on remand, offer evidence to prove that they had adequate justification for denying Horan's request to present witnesses and/or their statements at the misconduct hearings. *Id.* slip op. at 14, n.7.

On remand, the parties filed cross-motions for summary judgment. Horan argued that there was no genuine issue of material fact that Appellees did not follow the misconduct hearing process in violation of 37 Pa. Code §93.10(b)(3). Horan argued his witnesses would have provided exculpatory evidence and would have corroborated his versions of the incidents. He argued that 37 Pa. Code §93.10(b)(3) requires hearing examiners to allow an inmate to present relevant witnesses and evidence at a misconduct hearing. (Horan's Br. at 6.) He submits that his evidence and witnesses

5

were crucial to determining his guilt or innocence, and that Appellees did not give valid reasons for refusing to allow him to call the witnesses.

Appellees, in turn, presented evidence that their decisions not to review Horan's evidence or allow him to call witnesses on his behalf at each misconduct hearing were justified because each hearing examiner decided in their discretion that Horan's proffered evidence was not necessary for them to determine his guilt or innocence. Appellees further argued that, as DOC hearing examiners, they enjoy sovereign and official immunity where monetary damages are requested when they are acting within the scope of employment, except where the legislature has waived such immunity.

On June 11, 2019, the trial court granted Appellees' motion for summary judgment and denied Horan's motion for summary judgment. The trial court found that Appellees were immune from civil suit, under the doctrines of sovereign and official immunity, finding that Appellees were acting within the scope of their employment when they made the decisions not to review Horan's evidence at his misconduct hearings. The trial court found Appellees were authorized to perform their duties in the interest of DOC and were exercising the discretionary powers they were given by the Commonwealth. The trial court stated in this regard:

> The Commonwealth, its employees, and officials enjoy sovereign and official immunity from civil suit where monetary damages are requested when acting within the scope of employment, except where the legislature has waived such immunity. 1 Pa.C.S. §2310; *see also* Const. Art. 1. §11 and *Feliz v. Kintock Group*, 297 Fed. Appx. 131, Unreported (3d Cir. 2008). "Conduct is within the scope of employment when it is the type of activity the person is employed to perform, occurs in an authorized time and space, is at least partly in service of the employee's interest, and does not involve a degree of force beyond that expected by

6

the employer. *Brown v. Clark*, 184 A.3d 1028 (Pa. [Cmwlth.] 2018) (*citing Kull v. Guisee*, 81 A.3d 148 (Pa. [Cmwlth.] 2013))

After reviewing the evidence and arguments submitted by the parties in support of their motions, this [c]ourt finds Hearing Examiners Mackey and Canino were acting under the scope of their employment when they made the decision to not review [Horan's] evidence at his misconduct hearings. At the time of the misconduct hearings, Mackey and Canino were authorized to perform their duties as Hearing Examiners in the interest of their employer, the Commonwealth of Pennsylvania Department of Corrections. Mackey and Canino were only exercising the discretionary powers they were given when they made the decision to bar [Horan's] evidence and witness testimonies from consideration. The Commonwealth Court has declined to disturb actions taken by DOC employees where those employees exercised discretionary powers. *See Garrison v. Dept. of Corrections*, 16 A.3d 560, 564 (Pa. [Cmwlth.] 2011).

(Trial ct. op., 6/11/19, at 4.)

Based on its conclusion that the action was barred by sovereign and official immunity, the trial court did not address the substantive merits of Horan's claims that Appellees violated his procedural rights under 37 Pa. Code §93.10(b). Horan filed a notice of appeal to this Court on June 20, 2019.

## Discussion

Horan presents two questions for this Court to review.[5] First, Horan contends the trial court erred in determining that Appellees are immune from civil suit.

---

[5] This Court's standard of review on appeal for a question of law such as a trial court's grant or denial of a motion for summary judgment is *de novo*, and the scope of review is plenary. The review is limited to determining whether the trial court committed an error of law or abuse of discretion. *Clean Air Council v. Sunoco Pipeline L.P.*, 185 A.3d 478 (Pa. Cmwlth. 2018).

Second, he argues that the trial court erred in denying his motion for summary judgment. He argues that Appellees were required to allow him to present evidence and witnesses at his misconduct hearings to determine his guilt or innocence, that they failed to do so in violation of his procedural rights, and that he suffered damages as a result.

**1.**

First, we will address whether the trial court erred in concluding that sovereign immunity bars Horan's cause of action against Appellees for violation of his procedural rights under 37 Pa. Code §93.10(b). Horan contends that by refusing his witnesses and evidence in violation of 37 Pa. Code §93.10(b), Appellees acted outside of the scope of their employment and, therefore, they are not entitled to sovereign immunity.

Pursuant to article I, section 11 of the Pennsylvania Constitution,[6] the General Assembly declared that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. §2310. This is reiterated in section 8521 of the Judicial Code, part of which is commonly known as the Sovereign Immunity Act, 42 Pa.C.S. §8521.

"Generally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). The General Assembly has provided that sovereign immunity may be waived in certain limited situations involving negligence of a Commonwealth official or employee. 42

---

[6] PA. CONST. art. I, § 11.

Pa.C.S. §8522. In *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992) (*en banc*), this Court observed:

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to . . . 42 Pa.C.S. §8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

*La Frankie*, 618 A.2d at 1149. To be within the scope of employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized, occurring substantially within the authorized time, and done to serve the employer. *Kull*, 81 A.3d at 153. Because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity are to be strictly construed. *Dean v. Commonwealth*, 751 A.2d 1130, 1132 (Pa. 2000). The Court may decide the scope of employment question as a matter of law where neither the facts nor the inferences to be drawn from them are in dispute. *Justice v. Lombardo*, 208 A.3d 1057, 1068 (Pa. 2019).

The Department's policy DC–ADM 801 §3(D)(1) provides, in relevant part, that:

> The Hearing Examiner may approve the presence of a staff member or witness, only if the staff member or witness has knowledge of the incident, is present on facility grounds, and only if the testimony is needed to establish the guilt or innocence of the inmate.

Department of Corrections Inmate Discipline Policy, DC-ADM 801, §3(D)(1), 801 Policy (pa.gov) (last visited December 27, 2022). Thus, it is within a DOC hearing examiner's scope of employment to review requests to present evidence and decide if

9

the evidence is necessary to establish the guilt or innocence of the inmate. Pursuant to DOC's regulations and policy, an inmate is allowed to call relevant witnesses whose testimony is necessary to establish his guilt or innocence. *See* 37 Pa. Code §93.10(b); Section 3(D)(1), (2) of DC-ADM 801.

Here, the trial court found that Appellees, DOC hearing examiners, were acting within the scope of their employment when they made the decision not to allow Horan's witnesses to testify at the misconduct hearings because they concluded that the evidence was either not relevant or merely cumulative of other evidence. Deciding whether to admit evidence at a misconduct hearing fits squarely within Appellees' job duties as DOC hearing examiners.

Horan relies on *Bush v. Veach*, 1 A.3d 981 (Pa. Cmwlth. 2010), and *Williams v. Wetzel*, 178 A.3d 920 (Pa. Cmwlth. 2018), to support his argument that refusal to permit him to call witnesses and present documented evidence was a direct violation of his due process rights pursuant to 37 Pa. Code §93.101(b). In *Bush*, an inmate appealed from an order of the trial court which sustained the preliminary objections of prison employees and dismissed the inmate's complaint for damages. We held that because the inmate received neither written notice nor any of the other procedures listed in 37 Pa. Code §93.10(b), he had sufficiently "stated a cause of action for a violation of the process set forth in 37 Pa. Code §93.10." *Bush*, 1 A.3d at 985. In *Williams*, an inmate commenced an action in mandamus in this Court's original jurisdiction alleging violation of his due process rights under 37 Pa. Code §93.10. This Court granted summary declaratory and injunctive relief and directed DOC to comply with the regulations' procedural requirements. The Pennsylvania Supreme Court reversed and remanded, holding that this Court lacks original jurisdiction if an inmate does not assert a constitutionally-protected liberty or property interest. Because

10

inmates have no constitutionally-protected interest in maintaining prison employment, the Supreme Court reversed. *Williams v. Wetzel*, 232 A.3d 262 (Pa. 2020).

In *Com. ex rel. Jackson v. Wetzel*, (Pa. Cmwlth., No. 47 M.D. 2017, filed June 13, 2018), 2018 WL 2944946,[7] a mandamus action, an inmate alleged that the Department violated its policy DC–ADM 801 and 37 Pa. Code §93.10 by denying him permission to call a second witness to testify at his misconduct hearing. The inmate sought an order of this Court compelling DOC to provide him with an opportunity to be heard and present evidence in accordance with requirements of 37 Pa. Code §93.10 and DOC's internal policies. DOC filed preliminary objections arguing, *inter alia*, that the inmate had failed to state a claim for which relief may be granted. Accepting as true the allegations that DOC denied the inmate the opportunity to tell his story and to present relevant evidence, we held that the inmate had

> properly pleaded a claim. *See* 37 Pa. Code § 93.10(b)(3). Thus, it is not clear at this stage of the proceedings that Jackson has failed to state a claim for which relief may be granted. *See Armstrong Cty. Mem'l Hosp.*, 67 A.3d at 170.

*Com. ex rel. Jackson v. Wetzel*, slip op. at 4-7, 2018 WL 2944946 at *2-*3.

Appellees contend that because *Bush* and *Jackson* were decisions involving preliminary objections or mandamus where sovereign immunity was not discussed or applied, they do not control the outcome of this case. We agree.

Here, unlike *Bush* and *Jackson*, Horan has filed a claim for monetary damages to which Appellees raised sovereign immunity as an affirmative defense and sought summary judgment on that issue. Appellees contend that even if there was a cause of action for a process violation under 37 Pa Code §93.10, unless specifically

---

[7] We cite *Jackson*, an unreported decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

11

waived, a Commonwealth party acting within the scope of their duties cannot be held liable for damages in a civil action. 1 Pa. C.S. §2310. A specific waiver of sovereign immunity is expressly limited to certain a provision in the Judicial Code. 42 Pa.C.S. §8521. There are nine express instances where the legislature has waived sovereign immunity:

> (1) Vehicle liability.--The operation of any motor vehicle in the possession or control of a Commonwealth party . . . .
>
> (2) Medical-professional liability.--Acts of health care employees of Commonwealth agency medical facilities or institutions . . . .
>
> (3) Care, custody or control of personal property.-- . . . in the possession or control of Commonwealth parties . . . .
>
> (4) Commonwealth real estate, highways and sidewalks.--A dangerous condition of Commonwealth agency real estate and sidewalks . . . and highways . . . .
>
> (5) Potholes and other dangerous conditions.--A dangerous condition of highways . . . created by potholes or sinkholes . . . .
> (6) Care, custody or control of animals.-- . . . in the possession of a Commonwealth party . . . .
>
> (7) Liquor store sales.--The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board . . . .
>
> (8) National Guard activities.--Acts of a member of the Pennsylvania military forces.
>
> (9) Toxoids and vaccines.--The administration, manufacture and use of a toxoid or vaccine . . . .

42 Pa.C.S. §8522(b)(1-9).

12

As correctly noted by Appellees, Horan's claims for damages for violation of a regulation do not fit within any of the exceptions to sovereign immunity. None of the nine exceptions to sovereign immunity apply to the facts of this case. He has not pled a cause of action alleging negligence involving a vehicle, medical treatment, personal property, real estate, animals, liquor sales, the National Guard, or vaccinations. *See id.* Ergo, his claim does not meet the requirements of the waiver the legislature has granted.

In sum, Appellees were acting within the scope of their duties when they made the determination not to consider Horan's proffered evidence and witness testimony, thus any claim against them is barred by sovereign immunity. Horan has failed to establish any claim against Appellees within one of the exceptions to sovereign immunity.

Accordingly, the trial court did not err in dismissing Horan's claims against Appellees for violation of 37 Pa. Code §93.10 based on Appellees' sovereign immunity. The order of the trial court is affirmed.[8]

---

[8] In light of our determination that Horan's cause of action is barred by sovereign immunity, we need not address his contention that the trial court erred in denying his motion for summary judgment.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Horan,               :
             Appellant        :
                               :    No. 839 C.D. 2019
             v.             :
                               :
Chad Newingham, Wally Dittsworth,   :
Raymond Moore, Mary Lou Wyandt,   :
Robert Mackey, Mary Canino, and     :
Jose Quinones                     :

## *PER CURIAM*

## *ORDER*

AND NOW, this 28th day of December, 2022, the June 11, 2019 order of the Court of Common Pleas of Centre County entering summary judgement in favor of Robert Mackey and Mary Canino and against Patrick Horan is hereby AFFIRMED. The "motion for judgment on the pleadings" filed by Horan on April 25, 2022, requesting this Court to expedite its ruling, is hereby DISMISSED AS MOOT.